UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

SEAN BURTLEY A.K.A. "MACKENZIE" BURTLEY,

        Plaintiff,

  -against-

CVS PHARMACY, INC., CVS ALBANY, L.L.C. d/b/a CVS, CVS CAREMARK CORPORATION and WILLIAM BUCKLESS,

        Defendants.

------------------------------------------------------- X

Civil Action No. 1:22-cv-7375

### DEFENDANTS' NOTICE OF REMOVAL

**To:**   Clerk
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

**SIR OR MADAM:**

      Defendant CVS Pharmacy, Inc. (hereinafter, "CVS"), by and through its undersigned counsel, hereby gives notice of removal of this action from the Supreme Court of the State of New York, County of New York, where it is currently pending, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446 and states the following in support of such removal:

      **I.**    **STATE COURT ACTION**

      1.    Plaintiff Sean a.k.a MacKenzie Burtley ("Plaintiff") filed this action in June 2022 against CVS Pharmacy, Inc., CVS Albany, L.L.C. d/b/a CVS, CVS Caremark Corporation and William Buckless (collectively "Defendants") in the Supreme Court of the State of New York,

County of New York, Index No. 155089/2022. On August 1, 2022, a process server delivered a Summons and Complaint to CT Corporation System, 450 Veterans Memorial Highway, East Providence, Rhode Island 02914 as agent for service of process for CVS.

2. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders delivered to CVS in the state court action are included with this Notice of Removal as **Exhibit A**.

3. In this lawsuit, Plaintiff alleges, *inter alia*, that Defendants discriminated and retaliated against her and created a hostile work environment, in violation of the New York State and New York City Human Rights Laws. See **Exhibit A**.

4. New York County is situated in the Southern District of New York. Pursuant to 28 U.S.C. § 1441(a) this Court is the appropriate forum to entertain this Notice of Removal.

5. Concurrent with the filing of this Notice of Removal, CVS is sending notice of the removal to the Supreme Court of New York, County of New York, and to Plaintiff's counsel of record.

## II.  GROUNDS FOR REMOVAL

6. Removal of this action is appropriate based on diversity of citizenship under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). As shown below, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Id*. § 1332(a)(1).

### 1. Citizens of Different States

7. At the time of filing of the Complaint, and at the time of removal, Plaintiff was, and is, a citizen of the State of New York. See **Exhibit A**, ¶1.

8. A corporation such as Defendant CVS Pharmacy, Inc. is a citizen of the state in which it is incorporated and in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business in Woonsocket, Rhode Island, where it has its corporate headquarters. See Declaration of Melanie St. Angelo ("St. Angelo Decl."), attached as **Exhibit B**, ¶¶ 3, 4. Thus, it is solely a citizen of Rhode Island. *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1186, 1192-93 (2010) ("principal place of business" of corporation "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is often "metaphorically called its 'nerve center'").

9.  Although Defendant CVS Albany, L.L.C. is a limited liability company organized under the laws of the State of New York, a limited liability company is not a "citizen" of the state in which it was chartered, but rather only in the state or states in which its "members" are citizens. *See Carter v. HealthPort Technologies, LLC,* 822 F.3d 47, 60 (2d Cir. 2016) ("In general, the citizenship of a limited liability company is determined by the citizenship of each of its members"), *citing Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Village Assocs, L.P.*, 213 F.3d 48, 51–52 (2d Cir. 2000). Here, the sole "member" of CVS Albany, L.L.C. is Defendant CVS Pharmacy, Inc. (St. Angelo Decl., ¶5.) Therefore, CVS Albany, L.L.C.'s citizenship is Rhode Island.

10.  There is no entity names "CVS Caremark Corporation." Caremark, L.L.C. is a limited liability corporation organized under the laws of the State of California. The sole member of Caremark, L.L.C. is Caremark Rx, L.L.C. The sole member of Caremark Rx, L.L.C. is CVS Pharmacy, Inc. (St. Angelo Decl., ¶6.) Therefore, Caremark, L.L.C.'s citizenship is Rhode Island.

11.  Upon information and belief, and according to CVS' records, Defendant William Buckless resides in Morris Plains, New Jersey. (St. Angelo Decl., ¶7.) There is also no proof on file in the state court docket that he has been properly served.

12. Under 28 U.S.C. §1446(b)(2)(A), all defendants who have been properly joined and served must join in or consent to the removal of the action.

13. Defendants CVS, CVS Albany, L.L.C. and Caremark, L.L.C. all consent to the removal of the above-captioned case.

14. As stated above, co-Defendants Buckless has not been served in this case. Therefore, the requirement for unanimous consent among served defendants has been met.

15. In sum, Plaintiff is a citizen of a different state from the named Defendants and there is complete diversity in this matter.

### 2. Amount in Controversy

16. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

17. In the Complaint, Plaintiff alleges, *inter alia*, that Buckless and CVS created a hostile work environment in violation of New York law by misgendering her, retaliating against her for reporting wrongful conduct, and terminating her. Plaintiff claims lost wages, compensatory damages for emotional harm, punitive damages for Defendants' allegedly willful conduct, and attorneys' fees. See **Exhibit A** at 22.

18. Plaintiff's Complaint does not specify the amount she seeks to recover from Defendants. Where, as here, the initial pleading does not demand a specific sum, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). The Supreme Court has held that a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and need not submit evidence in support thereof. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *Scherer v. Equitable Life Assurance Soc'y*, 347 F.3d 394, 397 (2d Cir. 2003) (holding that the removing party

need only establish a "reasonable probability" that the amount in controversy exceeds the jurisdictional requirement). According to a reasonable reading of the Complaint and a preponderance of the evidence, Plaintiff's demand, and the amount in controversy, is in excess of $75,000. Moreover, to the extent any damages accrue during the course of litigation, the relevant timeframe for calculating damages is the expected damages at the time of trial. *Cf. Sussman v. Capital One, N.A.*, Civ. No. 14-01945, 2014 U.S. Dist. LEXIS 151866, at *9 (D.N.J. Oct. 24, 2014).

19. Plaintiff seeks emotional and mental distress damages. Courts have noted that claims of severe emotional and physical distress, as Plaintiff claims (Ex. A at 16, 17, 22) could exceed $100,000. *See Lore v. City of Syracuse*, 670 F.3d 127, 177-78 (2d Cir. 2012). In the Second Circuit, even "[g]arden variety emotional distress claims generally merit $30,000 to $125,000 awards." *Olsen v. Count of Nassau*, 615 F. Supp. 2d 35, 46 (E.D.N.Y. 2009) (internal quotations omitted).

20. Plaintiff further seeks punitive damages. Where punitive damages are legally recoverable, they "can be included in the jurisdictional amount." *Leslie v. BancTee Serv. Corp.*, 928 F. Supp. 341, 348 (S.D.N.Y. 1996). Punitive damages are potentially recoverable under Plaintiffs claims. *Farias v. Instructional Sys.*, 259 F.3d 91, 101 (2d Cir. 2001). In employment discrimination cases in the Second Circuit, courts generally find punitive damages awards in the range of $25,000 to $100,000 to be within acceptable limits. *See Thomas v. iStar Fin., Inc.* 508 F. Supp. 2d 252, 262-64 (S.D.N.Y. 2007), *aff'd,* 2010 U.S. App. LEXIS 27371 (2d Cir. 2010) (collecting cases). Therefore, if Plaintiff can establish that she is entitled to an award of punitive damages, she could recover punitive damages in that range.

21. Plaintiff also seeks attorney's fees, which must be taken into account when determining whether the amount in controversy is met. *See Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 298 (E.D.N.Y. 2005). Here, because the New York State and New York City Human Rights Laws provide for the recovery of attorney's fees to the prevailing party, such fees should be calculated as part of the amount in controversy requirement. *See, e.g., Hernandez v. Berlin Newington Assocs., LLC*, 699 F. App'x 96 (2d Cir. 2017) (upholding $222,780.25 attorneys' fees award in action under Title III of the Americans with Disabilities Act); *Brown v. Green 317 Madison, LLC*, No. 11 CV 4466 ENV, 2014 WL 1237448, at *1 (E.D.N.Y. Feb. 4, 2014) (awarding $78,205.41 in fees and costs in public accommodations discrimination action brought under the ADA, the NYSHRL and the NYCHRL).

22. Aggregating these amounts, as is appropriate for evaluating removal based on diversity jurisdiction, the amount in controversy easily exceeds the jurisdictional minimum of $75,000.00.

### III.     TIMELINESS OF NOTICE OF REMOVAL

23. Removal of this action is timely as CVS filed this Notice of Removal within thirty (30) days of date on which Plaintiff served CVS with a copy of the Summons and Complaint. See 28 U.S.C. § 1446.

24. Specifically, CVS first received notice of this lawsuit on August 1, 2022, when its agent for service of process received a copy of the Summons and Complaint. The thirtieth day after August 1 is August 31, 2022, and therefore removal of this action today is timely under 28 U.S.C. § 1446(b).

## IV. RELIEF REQUESTED

For the foregoing reasons, CVS requests that the United States District Court for the Southern District of New York assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

Dated: Newark, New Jersey
      August 29, 2022

LITTLER MENDELSON, P.C.

By: s/ I. Michael Kessel
    I. Michael Kessel, N.Y. Bar No. 2439313
    mkessel@littler.com
    One Newark Center
    8th Floor
    Newark, NJ  07102
    Telephone:  973.848.4700
    Facsimile:  973.643.5626

Attorneys for Defendants

4881-2265-5279.1 / 090142-1391