# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
08/01/2022
CT Log Number 542028401

## Service of Process Transmittal Summary

**TO:**     Serviceof Process
           CVS HEALTH COMPANIES
           1 CVS DR MAIL CODE 1160
           WOONSOCKET, RI 02895-6146

**RE:**     **Process Served in Rhode Island**

**FOR:**    CVS Pharmacy, Inc.  (Domestic State: RI)


**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SEAN BURTLEY A.K.A. "MACKENZIE" BURTLEY // To: CVS Pharmacy, Inc. |
| **CASE #:** | 1550892022 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, East Providence, RI |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/01/2022 at 15:37 |
| **JURISDICTION SERVED:** | Rhode Island |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/01/2022, Expected Purge Date: 08/06/2022 |
| | Image SOP |
| | Email Notification,  Serviceof Process  service_of_process@cvs.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 450 Veterans Memorial Highway |
| | Suite 7A |
| | East Providence, RI 02914 |
| | 800-448-5350 |
| | MajorAccountTeam1@wolterskluwer.com |


The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
SEAN K. BURTLEY A.K.A. "MACKENZIE"
K. BURTLEY,

                                        Plaintiff,

                        -against-

CVS PHARMACY, INC.,
CVS ALBANY, L.L.C. d/b/a CVS,
CVS CAREMARK
CORPORATION and WILLIAM BUCKLESS.,

                                        Defendants.
-------------------------------------------------------------X

Index No.
Date purchased:

Plaintiff designates:
NEW YORK County as the
place of trial.

The basis of the venue is
Defendant's Residence

**SUMMONS**

1440 Broadway
New York, NY 10018

To the above named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a
copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the plaintiff's attorney within 20 days after the service of this summons, exclusive of
the day of service (or within 30 days after the service is complete if this summons is not personally
delivered to you within the State of New York); and in case of your failure to appear or answer,
judgment will be taken against you by default for the relief demanded in the complaint.

Dated: June 13, 2022
       New York, New York

**Akin Law Group PLLC**

*/s/ Kayla S. Callahan*

Kayla S. Callahan

45 Broadway, Suite 1420
New York, NY 10006
Telephone: (212) 825-1400
Facsimile: (212) 825-1440
kayla@akinlaws.com

*Counsel for Plaintiff*

1

**Defendants' Addresses**:

**CVS Caremark Corporation** [via Secretary of State]
One CVS Drive
Woonsocket, RI 02895

**CVS Albany L.L.C. d/b/a CVS** [via Secretary of State]
One CVS Drive
Woonsocket, RI 02895

**CVS Pharmacy, Inc.** [via Secretary of State]
One CVS Drive
Woonsocket, RI 02895

**William Buckless [At Place of Employment]**
CVS Pharmacy Store # 10826
1440 Broadway
New York, NY 10018

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X          Index No.
SEAN BURTLEY A.K.A. "MACKENZIE"
BURTLEY,

                                  Plaintiff,                    **VERIFIED COMPLAINT**

              -against-
                                                               **Jury Trial Demanded**

CVS PHARMACY, INC.,
CVS ALBANY, L.L.C. d/b/a CVS,
CVS CAREMARK CORPORATION
and WILLIAM BUCKLESS.,

                                  Defendants.
-------------------------------------------------------------X

        Plaintiff Mackenzie Burtley (hereinafter "Plaintiff BURTLEY" and/or "Plaintiff") by and

through her undersigned counsel, AKIN LAW GROUP PLLC, alleges against Defendant CVS

PHARMACY, INC. (hereinafter "CVS"), CVS ALBANY, L.L.C. d/b/a CVS (hereinafter "CVS

ALBANY"), Defendant CVS CAREMARK CORPORATION (hereinafter "CVS

CAREMARK"), and Defendant WILLIAM BUCKLESS (hereinafter "BUCKLESS")

(collectively "Defendants") upon information and belief, as follows:

1.  Plaintiff BURTLEY complains pursuant to the laws of the New York State Human Rights

    Law, N.Y. Exec. L. § 296 et seq., (hereinafter "New York State Human Rights Law" or

    "NYSHRL") and the New York City Human Rights Law, N.Y. City Admin. Code § 8-101

    et seq., (hereinafter "New York City Human Rights Law" or "NYCHRL"), seeking

    damages to redress the injuries Plaintiff has suffered as a result of being discriminated

    against and retaliated against by her former employer on the basis of her **sex and gender**.

    Upon complaining about the discrimination and hostile work environment, Plaintiff was

3

subjected to retaliation with further discrimination and hostilities resulting in her termination.

2. Contemporaneously with the commencement of this action, a copy of this Complaint was served both on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of the New York City Administrative Code.

## PARTIES

3. That at all times hereinafter mentioned, Plaintiff BURTLEY was and is a resident of the County of Bronx, City and State of New York.

4. That at all times herein relevant, Plaintiff BURTLEY was and is a transgender woman.

5. At all times relevant herein, Defendant CVS was and is a domestic corporation engaged in business in the State of New York.

6. At all times relevant herein, Defendant CVS was and is a foreign corporation engaged in business in the State of New York.

7. At all times relevant herein, Defendant CVS was and is an entity engaged in and transacting business in the State and City of New York.

8. At all times relevant herein, Defendant CVS operated a business from the premises designated and more commonly known as CVS Pharmacy, Store #10826 1440 Broadway New York, NY 10018.

9. At all times relevant herein, Defendant CVS CAREMARK was and is a domestic corporation engaged in business in the State of New York.

4

10. At all times relevant herein, Defendant CVS CAREMARK was and is a foreign corporation engaged in business in the State of New York.

11. At all times relevant herein, Defendant CVS CAREMARK was and is an entity engaged in and transacting business in the State and City of New York.

12. At all times relevant herein, Defendant CVS CAREMARK operated a business from the premises designated and more commonly known as CVS Pharmacy, Store #10826 1440 Broadway New York, NY 10018.

13. At all times relevant herein, Defendant CVS ALBANY was and is a domestic corporation engaged in business in the State of New York.

14. At all times relevant herein, Defendant CVS ALBANY was and is a foreign corporation engaged in business in the State of New York.

15. At all times relevant herein, Defendant CVS ALBANY was and is an entity engaged in and transacting business in the State and City of New York.

16. At all times relevant herein, Defendant CVS ALBANY operated a business from the premises designated and more commonly known as CVS Pharmacy, Store #10826 1440 Broadway New York, NY 10018.

17. That at all times hereinafter mentioned, upon information and belief, Defendant BUCKLESS was and is a resident of the State of New York.

## FACTUAL ALLEGATIONS

1. Plaintiff BURTLEY is a 32-year-old, African American transgender woman.

2. At all relevant times herein, Defendant CVS was an employer within the meaning of NYSHRL and NYCHRL.

5

3. At all relevant times herein, Defendant CVS CAREMARK was an employer within the meaning of NYSHRL and NYCHRL.

4. At all relevant times herein, Defendant CVS ALBANY was an employer within the meaning of NYSHRL and NYCHRL.

5. At all times relevant herein, Plaintiff was an employee of Defendant CVS within the meaning of the NYSHRL and NYCHRL.

6. At all times relevant herein, Defendant BUCKLESS was and is an employee of the Defendants.

7. That at all times hereinafter mentioned, Defendant BUCKLESS worked for Defendant CVS at the premises more commonly known or referred to as CVS Pharmacy, Store #10826 1440 Broadway New York, NY 10018.

8. At all times relevant herein, Defendant BUCKLESS was employed by the Defendants as a supervisor.

9. At all times relevant herein, Defendant BUCKLESS was employed by the Defendants as a manager.

10. At all times relevant herein, Defendant BUCKLESS was the supervisor and/or manager of Plaintiff in her employment with the Defendants.

11. At all times relevant herein, Defendant BUCKLESS supervised the Plaintiff, controlled her work, assigned her task/duties and monitored her performance with regard to her employment with the Defendants.

12. At all times relevant herein, Defendant BUCKLESS had authority to hire, promote, demote, terminate, and/or alter the conditions of Plaintiff's employment with the Defendants.

6

13. At all times herein relevant, Plaintiff BURTLEY was in subordinate relationship in regard to Defendant BUCKLESS with regard to her employment with Defendant CVS.

14. At all times herein relevant, Plaintiff BURTLEY would take directions and orders from Defendant BUCKLESS with regard to her employment with Defendant CVS.

15. At all times hereinafter relevant, Plaintiff applied for the shift leader/ supervisor position at CVS through the "Indeed.com" website.

16. At all times hereinafter relevant, because Plaintiff's name is not legally changed yet, her legal name "Sean Burtley" was the name displayed on her application.

17. At all times hereinafter relevant, Plaintiff was invited to interview for the shift leader/ supervisor position.

18. At all times hereinafter relevant, when Plaintiff arrived to the interview with Defendant BUCKLESS, she introduced herself as "Mackenzie Burtley".

19. At the start of her interview, Plaintiff explained to Defendant BUCKLESS that her pronouns were she/her and she would like to be called "Mackenzie" and not by her legal name Sean.

20. After the interview ended, Defendant BUCKLESS informed Plaintiff that she would be hired as a Front End Cashier/ Associate and not for the Shift Leader role she interviewed for.

21. At all times hereinafter relevant, Plaintiff accepted but was confused as her previous work experience qualified her for the Shift Leader role.

22. At all times relevant herein, Plaintiff's employment with Defendant CVS commenced on or about July 13, 2021, in the capacity of Front End Cashier/ Associate.

7

23. At all times relevant herein, Defendant CVS paid the Plaintiff an hourly wage of $16.00 for each hour of employment.

24. At all times relevant herein, Plaintiff worked five days per week from 4:00 pm to 12:00 am.

25. At all times relevant herein, Plaintiff was a full-time employee working approximately 40 hours per week.

26. At all times hereinafter relevant, when Plaintiff began her first day of work and she received her nametag that read her preferred name "Mackenzie."

27. At all times hereinafter relevant, throughout Plaintiff's employment she was extremely dedicated and hardworking.

28. At all times hereinafter relevant, each CVS employee has an opportunity to gain commission when a customer signs up for the "Care Pass" program, where each care pass is worth $3 each.

29. At all times hereinafter relevant, in the month of August 2021, Plaintiff broke the record for most care passes given.

30. At all times hereinafter relevant, although Plaintiff broke the record, she did not receive commission for the passes she sold.

31. At all times relevant herein, Plaintiff had been a stellar employee.

32. At all times relevant herein, Plaintiff had performed her duties and obligations in a satisfactory manner.

33. At all times relevant herein, Plaintiff had not received any negative evaluations and/or poor performance reviews.

8

34. At all times relevant herein, Plaintiff had not received any complaints from Defendant CVS regarding her employment.

35. At all times hereinafter relevant, despite Plaintiff's stellar performance, Defendant BUCKLESS began to treat Plaintiff with hostility.

36. In or around the middle of August, Defendant BUCKLESS called the store and Plaintiff answered the phone; Defendant BUCKLESS asked Plaintiff to put one of the managers on the phone.

37. Plaintiff attempted to contact an available manager, but Defendant BUCKLESS became impatient claiming Plaintiff wasn't quick enough and angrily called Plaintiff "stupid" before hanging up the phone on her.

38. At all times hereinafter relevant, Plaintiff was shocked, upset, and confused by this treatment.

39. Going forward Plaintiff similarly uncomfortable exchanges with Defendant BUCKLESS, on a regular basis.

40. Every time Defendant BUCKLESS saw or interacted with Plaintiff he was unnecessarily short and rude to her.

41. Despite being aware of Plaintiff's female gender identity, Defendant BUCKLESS purposely misgendered Plaintiff and constantly referred to her as "dude" or "bro."

42. Plaintiff consistently corrected Defendant BUCKLESS and respectfully requested that he stopped referring to her as a male.

43. On numerous occasions, Plaintiff explained to Defendant BUCKLESS his purposeful misgendering was offensive and unnecessary.

9

44. Despite Plaintiff's complaints that his language was offensive, Defendant BUCKLESS ignored Plaintiff and continued to refer to Plaintiff as "dude" and "bro."

45. At all times hereinafter relevant, in or around the last week of August, several Shift Supervisor positions opened up.

46. Plaintiff's coworkers Sean (last name currently unknown) and David (last name currently unknown) were promoted to the Shift Supervisor roles.

47. At all times hereinafter relevant, both Sean and David were hired around the same time as Plaintiff.

48. Plaintiff was confused as to why she was passed over for the Shift Supervisor position.

49. Plaintiff expressed her confusion to Jenny (last name currently unknown), another manager, and asked Jenny if she would put in a good word for Plaintiff so that she could be eligible for the next promotion.

50. At all times hereinafter relevant, Jenny said she would talk to Defendant BUCKLESS and let him know that she saw the progress in Plaintiff work, and that she was doing good work.

51. On or about September 7, 2021, Defendant BUCKLESS held a meeting with Plaintiff and another manager Elizabeth (last name currently unknown), to address questions Plaintiff had concerning her pay and Defendant BUCKLESS's negative treatment toward her.

52. During this meeting, Defendant BUCKLESS stated to Plaintiff, "I hear there are some things that you feel about me and that you want to get off your chest," to which Plaintiff replied, "You know what this meeting is about because you called it, I'm sure the managers told you about how I feel."

53. Defendant BUCKLESS accused Plaintiff of calling him a drunk and claimed that other employees verified his claim.

10

54. Defendant BUCKLESS told Plaintiff that he didn't feel comfortable with her working there and that she should transfer to another location.

55. Plaintiff denied the allegations and asked Defendant BUCKLESS for more information about this baseless rumor.

56. Defendant BUCKLESS refused to give further detail.

57. Extremely frustrated and upset about Defendant's unfair treatment of her and Plaintiff complained about Defendant BUCKLESS consistently misgendered her as well as racial slurs that she heard him say regarding other African American employees.

58. At all times hereinafter relevant, Plaintiff reiterated the multitude of instances when Defendant BUCKLESS referred to her as "dude" or "bro" even when Plaintiff consistently expressed that she identified as female and wanted to be referred to with she/her pronouns.

59. Defendant BUCKLESS because irrationally angry and began yelling insults Plaintiff's intelligence.

60. Defendant BUCKLESS yelled, "Look at me while I'm talking to you. You're an adult right? Adults don't look at the wall. Are you slow?"

61. Plaintiff stated that she was tired of Defendant BUCKLESS's discriminatory comments and blatant disrespect for her.

62. Once again Defendant BUCKLESS intentionally misgenderedPlaintiff and yelled "You need to leave my office dude!"

63. Defendant BUCKLESS yelled at Plaintiff, "You need to get out of my office bro."

64. Plaintiff once again corrected Defendant BUCKLESS and said, "I don't appreciate how you are talking to me and how you refuse to use my correct pronouns."

11

65. After the exchange, Defendant BUCKLESS told Plaintiff that he didn't care that she felt that she had been discriminated against.

66. At all times hereinafter relevant, Defendant BUCKLESS tried pushing Plaintiff out of the office to slam the door in her face.

67. Defendant BUCKLESS forced Plaintiff to clock out and go home that day even though she was scheduled to work.

68. At all times hereinafter relevant, Plaintiff was originally scheduled to work the rest of the week.

69. On September 8, 2021, Plaintiff was told she was taken off the schedule and not to come in.

70. On September 9, 2021, Leshaun (last name currently unknown), a manager, informed Plaintiff that Defendant BUCKLESS took her off the schedule and said Plaintiff was suspended and not allowed to come in.

71. At all times hereinafter relevant, Plaintiff was never contacted by HR regarding her apparent suspension.

72. On September 9, 2021, Plaintiff called Human Resources ("HR") and complained of the discrimination and retaliation she experience.

73. At all times hereinafter relevant, HR informed Plaintiff that an investigator would contact her in 24-48 hours but Plaintiff never received a case number.

74. At all times hereinafter relevant, HR failed to follow up with Plaintiff.

75. On September 10, 2021, when Plaintiff called in to the store Elizabeth answered the phone and hung up on Plaintiff.

12

76. Plaintiff called back and spoke to another manager, Christina (last name currently unknown), who told Plaintiff she was suspended from work.

77. Later that day Defendant BUCKLESS called Plaintiff and informed her she was suspended because she spread about him and that she threatened him and Elizabeth during their meeting with her on September 7, 2021.

78. When Plaintiff asked what proof Defendant BUCKLESS had of these allegations and Defendant BUCKLESS stated that he had none.

79. At all times hereinafter relevant, Plaintiff was put on an unpaid suspension.

80. At all times hereinafter relevant, HR failed to contact Plaintiff about her unpaid suspension.

81. After speaking with Defendant BUCKLESS, Plaintiff called HR for a second time and complained about discrimination and retaliation.

82. At all times hereinafter relevant, HR failed to follow up with Plaintiff.

83. At all times hereinafter relevant, no action was taken with regard to any of Plaintiff's HR complaints.

84. On October 20, 2021, Plaintiff received a phone call from Defendant BUCKLESS where he stated that HR came to their store location on October 19, 2021, and determined Plaintiff was terminated because she had threatened Defendant BUCKLESS.

85. At all times hereinafter relevant, Plaintiff was never contacted by HR regarding the complaints she made against Defendant BUCKLESS.

86. At all times hereinafter relevant, Plaintiff was never contacted by HR regarding the complaints Defendant BUCKLESS made against her.

87. At all times hereinafter relevant, Plaintiff was never contacted by HR regarding her termination.

13

88. Defendant CVS, through their agents and employees, unlawfully discriminated against Plaintiff because of her gender identity, in violation of Title VII, NYSHRL and NYCHRL.

89. Defendant CVS CAREMARK, through their agents and employees, unlawfully discriminated against Plaintiff because of her gender identity, in violation of Title VII, NYSHRL and NYCHRL.

90. Defendant CVS ALBANY, through their agents and employees, unlawfully discriminated against Plaintiff because of her gender identity, in violation of Title VII, NYSHRL and NYCHRL.

91. At all times relevant herein, Plaintiff was subjected to discrimination and a hostile work environment for no reason other than Plaintiff being a transgender woman and for complaining about the discriminatory treatment se experienced by her manager Defendant BUCKLESS.

92. Upon information and believe, Defendant CVS was on notice of the unlawful discrimination and retaliation of Plaintiff because it was done by Defendant BUCKLESS who was and is in supervisory/management position.

93. Upon information and believe, Defendant CVS CAREMARK was on notice of the unlawful discrimination and retaliation of Plaintiff because it was done by Defendant BUCKLESS who was and is in supervisory/management position.

94. Upon information and believe, Defendant CVS ALBANY was on notice of the unlawful discrimination and retaliation of Plaintiff because it was done by Defendant BUCKLESS who was and is in supervisory/management position.

14

95. By and through the course of conduct herein described, Defendants intentionally discriminated against Plaintiff denying her equal terms and conditions of employment, and by creating a hostile work environment.

96. At all times relevant herein, Defendant CVS knew or should have known of the discrimination, condoned and/or acquiesced in the illegal conduct, and failed to take reasonable steps to stop the discrimination and retaliation thereby becoming a party to the discriminatory and retaliatory acts/actions and the unlawful conduct.

97. At all times relevant herein, Defendant CVS CAREMARK knew or should have known of the discrimination, condoned and/or acquiesced in the illegal conduct, and failed to take reasonable steps to stop the discrimination and retaliation thereby becoming a party to the discriminatory and retaliatory acts/actions and the unlawful conduct.

98. At all times relevant herein, Defendant CVS ALBANY knew or should have known of the discrimination, condoned and/or acquiesced in the illegal conduct, and failed to take reasonable steps to stop the discrimination and retaliation thereby becoming a party to the discriminatory and retaliatory acts/actions and the unlawful conduct.

99.

100.     At all times relevant herein, Defendants unlawfully harassed, discriminated against and retaliated against Plaintiff.

101.     At all times relevant herein, Defendants created an unlawful hostile work environment for Plaintiff.

102.     At all times relevant herein, Defendants treated Plaintiff differently because of her sex and gender.

15

103.    At all times relevant herein, Defendants' acts, actions and conduct were intentional, malicious, and/or intended to harm the Plaintiff.

104.    Defendants unlawfully discriminated against and retaliated against Plaintiff.

105.    Plaintiff's position at her job was intolerable as a result of the discrimination and retaliation by the Defendants to which she was subjected, and no reasonable person in Plaintiff's position could be expected to continue working under those conditions.

106.    Defendants' unwanted hostile actions created a hostile work environment, which no reasonable person could be expected to tolerate.

107.    Throughout Plaintiff's employment with the Defendants, Plaintiff protested and complained to Defendants about unlawful conduct on more than one occasion.

108.    Despite said complaints and protests, Defendants continued to unlawfully discriminate against and harass the Plaintiff.

109.    During Plaintiff's employment with the Defendants, Plaintiff was and continued to be regularly exposed to a discriminatory, offensive, and hostile work environment.

110.    As the result of the Defendants' unlawful employment practices Plaintiff suffered and continues to suffer a severe emotional distress.

111.    The Plaintiff has been unlawfully discriminated and retaliated against, was humiliated, and has been degraded and belittled; and as a result, suffers the loss of rights, emotional distress, loss of income, earnings and sustained personal injuries.

112.    As a result of the Defendants actions, Plaintiff felt extremely humiliated, degraded, embarrassed and emotionally distressed.

113.    As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits, and other

16

compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

114.    As a result of the foregoing, Plaintiff has further experienced severe emotional and mental distress with physical manifestations.

115.    As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

116.    As Defendants conduct has been willful, reckless, outrageous, intentional, and/or malicious, Plaintiff also demands punitive damages in an amount, which exceeds the jurisdictional limits of all lower Courts.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of New York State Human Rights Law)

117.    Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

118.    New York State Executive Law § 296 provides that it shall be unlawful "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, **sex**, **gender**, genetic predisposition or carrier status, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

119.    That at all times herein relevant Plaintiff, as a transgender woman/female, is a member of a protected class under the NYSHRL

17

120.     Defendants engaged in an unlawful discriminatory practice in violation of the New York Executive Law by creating and maintaining discriminatory working conditions and discriminating against the Plaintiff because of her sex and gender.

121.     Defendants engaged in an unlawful discriminatory practice in violation of NYSHRL (Executive Law § 296) by actually and constructively taking adverse employment action, creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of her sex and gender.

122.     That as a direct result of the foregoing, Plaintiff has been damaged in an amount, which exceeds the jurisdictional limits of lower Courts.

## SECOND CAUSE OF ACTION
### (Hostile Work Environment in Violation of New York State Human Rights Law)

123.     Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

124.     Executive Law § 296 provides for a hostile work environment claim where Plaintiff shows that his work environment involved serious or pervasive harassment... of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse.

125.     That as a direct result of the foregoing, Plaintiff has been damaged in an amount, which exceeds the jurisdictional limits of all lower Courts.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of New York State Human Rights Law)

18

126.     Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

127.     New York State Executive Law § 296(7) provides that is shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because she has opposed practices forbidden under this article."

128.     Defendants engaged in an unlawful discriminatory practice by retaliating, continuing and escalating the discrimination and hostile work environment to which the Plaintiff was subjected, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendants.

129.     Defendants engaged in an unlawful discriminatory practice by retaliating against the Plaintiff for complaining about Defendants' violation of the New York State Executive Law.

130.     That as a direct result of the foregoing, Plaintiff has been damaged in an amount, which exceeds the jurisdictional limits of all lower Courts.

## FOURTH CAUSE OF ACTION
### (Discrimination in Violation of New York City Human Rights Law)

131.     Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

132.     The Administrative Code of the City of New York § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: "(a) For an employer or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, marital status,

19

sexual orientation, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

133.    Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code Title 8, § 8-107(a) by creating and maintaining discriminatory working conditions and discriminating against the Plaintiff because of her **gender/ sex.**

134.    That as a direct result of the foregoing, Plaintiff has been damaged in an amount, which exceeds the jurisdictional limits of all lower Courts.

## FIFTH CAUSE OF ACTION
### (Hostile Work Environment in Violation of New York City Human Rights Law)

135.    Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

136.    Pursuant to the New York City Administrative Code, a Plaintiff can establish a hostile work environment claim if she can show that was treated less well than other employees because of her protected class.

137.    Plaintiff was treated less well by the Defendants because of her sex and gender.

138.    That as a direct result of the foregoing, Plaintiff has been damaged in an amount, which exceeds the jurisdictional limits of all lower Courts.\

## SIXTH CAUSE OF ACTION
### (Retaliation in Violation of New York City Human Rights Law)

20

139.     Plaintiff hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

140.     The New York City Administrative Code Title 8, § 8-107(1)(e) provides that it shall be an unlawful retaliatory practice: "For an employer… to discharge… or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter…"

141.     Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code Title 8, § 8-107(1)(e) by retaliating, continuing and escalating the gender discrimination and hostile work environment to which the Plaintiff was subjected, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendants.

142.     Defendants engaged in an unlawful discriminatory practice by retaliating against the Plaintiff for making a complaint regarding Defendants' violation of the New York City Administrative Code.

143.     That as a direct result of the foregoing, Plaintiff has been damaged in an amount, which exceeds the jurisdictional limits of all lower Courts.

## INJURY AND DAMAGES

144.     As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss and/or partial loss of a career and the loss and/or partial loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to reputation, loss of enjoyment of life,

21

and other non-pecuniary losses.  Plaintiff has further experienced severe emotional and physical distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendants for the following relief:

A.  Declaring that the Defendants engaged in unlawful employment practices prohibited by the State Common Law and New York State Executive Law § 296 et seq., and awarding Plaintiff a recovery for damages sustained;

B.  Declaring that the Defendants engaged in unlawful employment practices prohibited by the New York City Administrative Code Title 8, § 8-107 et seq., and awarding Plaintiff a recovery for damages sustained;

C.  Declaring that the Defendants discriminated against, retaliated against and terminated the Plaintiff on the basis of her sex and gender and awarding Plaintiff a recovery for damages sustained;

D.  Awarding damages to the Plaintiff, for all lost wages and benefits resulting from the Defendants' unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

E.  Awarding Plaintiff compensatory damages for his mental and emotional injuries in an amount that exceeds the jurisdictional limit of all lower courts;

F.  Awarding Plaintiff punitive damages;

G.  Awarding Plaintiff attorney's fees, costs and expenses; and

H.  Awarding Plaintiff such other relief as this Court may deem just and proper;

## JURY DEMAND

22

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: June 13, 2022
       New York, New York

                                    Respectfully submitted,

                                    **Akin Law Group PLLC**

                                    By: */s/ Kayla S. Callahan*
                                    _____
                                         Kayla S. Callahan

                                    45 Broadway, Suite 1420
                                    New York, NY 10006
                                    Telephone:  (212) 825-1400
                                    Facsimile:  (212) 825-1440
                                    kayla@akinlaws.com

                                    *Counsel for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
SEAN K. BURTLEY A.K.A. "MACKENZIE"
K. BURTLEY,                                      Index No.

                            Plaintiff,

            -against-                            **VERIFICATION**

CVS PHARMACY, INC.,
CVS ALBANY, L.L.C. d/b/a CVS,
CVS CAREMARK
CORPORATION and WILLIAM BUCKLESS
                    Defendants.
------------------------------------------------------------X

       I, Kayla S. Callahan, being duly sworn deposes and state under the penalties of perjury that: I
am an attorney duly admitted to practice law in the courts of New York State and am an associate at
the AKIN LAW GROUP PLLC, the attorneys of record for the plaintiff in the within action;

       I have read the foregoing, VERIFIED COMPLAINT, and know the contents thereof; the same
is true to my own knowledge, except as to the matters therein alleged to be on information and belief,
and as to those matters I believe them to be true.

23

The reason this verification is made by me and not by the plaintiff is that the plaintiff resides in a county other than where we maintain our office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: Conversations with the plaintiff, review of file and all the pleadings and proceedings heretofore had herein.

Dated: New York, New York
June 13, 2022

Respectfully submitted,
AKIN LAW GROUP PLLC
Attorneys for Plaintiff

*/s/ Kayla S. Callahan*

By: Kayla S. Callahan, Esq.
45 Broadway, Suite 1420
New York, New York 10006
(212) 825-1400

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------X
SEAN K. BURTLEY A.K.A. "MACKENZIE"
K. BURTLEY,                                                        Index No.

                            Plaintiff,

            -against-

CVS PHARMACY, INC.,
CVS ALBANY, L.L.C. d/b/a CVS,
CVS CAREMARK
CORPORATION and WILLIAM BUCKLESS,

                            Defendants.
--------------------------------------------------------------X

24

## SUMMONS AND VERIFIED COMPLAINT

**Akin Law Group PLLC**
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400

*Counsel for Plaintiff*

25